THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALLAN WEINTRAUB, Appellant.— In a *coram nobis* proceeding to vacate a judgment of the Supreme Court, Queens County, rendered February 18, 1972, convicting defendant of criminal possession of stolen property in the second degree, upon his plea of guilty, he appeals from an order of said court dated April 18, 1973, which denied the application after a hearing. Order reversed, on the law, sentence of February 18, 1972 vacated and case remanded to the Criminal Term (1) for resentencing of defendant *nunc pro tunc* as of February 18, 1972 to a term of one year, concurrently with a sentence defendant was then serving under a conviction in New York County, or (2) in the alternative, to permit defendant to withdraw his plea of guilty. In our opinion, the proof adduced at the hearing established that, at the time of defendant's plea of guilty, there existed a mutual misunderstanding between the trial court and defense counsel as to the nature of the sentence to be imposed upon defendant. Defense counsel believed that the court in effect promised that defendant's term of imprisonment, on the instant class E felony conviction, would be a one-year sentence, concurrent with the unexpired portion of a prior three-year indeterminate sentence imposed upon defendant under a New York County conviction, on which, at the time, defendant had already served 14 months. The court's recollection was that no such promise had been discussed; that, at the time, defendant and his counsel were primarily interested in a concurrent sentence of an unspecified duration; that the court had indicated that the sentence would be subject to what was contained in the probation report; and that, if the probation report contained any question, defendant might

receive a one-year consecutive sentence. On February 18, 1972 defendant was sentenced to a maximum term of three years, to run concurrently with the previous three-year sentence he was then serving. Under the circumstances related, justice requires that defendant should be permitted to withdraw his plea of guilty and that he should be given an opportunity to replead, if the concurrent sentence above mentioned be not feasible. Latham, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.